IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



WILLIAM C. GRIM, §
 §
 Petitioner, §
 §
v. § No. 4:11-CV-002-A
 §
RICK THALER, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
 Respondent. §

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, William C. Grim, a state prisoner, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed without prejudice as successive.

C. Factual and Procedural History

The factual background relevant to this case was set forth in the United State's Magistrate Judge's Findings, Conclusions and Recommendation in petitioner's prior federal habeas action in

4:99-CV-471-A as follows:

     John Tolbert, his wife Denise, and their two children, ages 10 and 13, were traveling to Fort Worth in December 1994 when Tammy Atkinson, Grim's girlfriend, jumped in front of the Tolberts' Chevrolet Suburban. When Tolbert stopped his vehicle, Atkinson ran around to the driver's window. Out of the corner of his eye, Tolbert could see Grim. Atkinson asked for help and told the family that Grim had a gun. Atkinson jumped on the running board of the Suburban, and as Tolbert accelerated, Grim shot Atkinson at least twice. Tolbert pulled Atkinson inside the vehicle through the driver's side window. Grim pursued the Tolberts in his own vehicle, ramming the Suburban when he could catch up with it. Denise Tolbert testified that she was afraid for herself and her family, and she tried to call 9-1-1 as the pursuit reached speeds of 120 m.p.h. Grim cornered the Suburban as Tolbert was trying to make a U-turn in the road. Grim jumped out of his truck, ran over to the Suburban and fired six to eight rounds into the vehicle. Grim then tossed aside his weapon and laid down on the grass. Atkinson had several gunshot wounds, and the Tolbert's daughter suffered a gunshot wound to her arm.

     Grim was indicted in the 29th District Court of Palo Pinto County in February 1995 on charges of injury to a child (Cause #10,147), three counts of aggravated assault with a deadly weapon (Cause #10,149, #10,150, and #10,151), and attempted murder (Cause #10,148), all arising out of the events that transpired in December 1994. Grim pleaded guilty in June of 1995 to the charges of aggravated assault of John Tolbert and Tolbert's son and was given a sentence of twenty years for each charge. Grim pleaded not guilty to the charge of injury to a child and went to trial on that charge in June 1995. A jury found Grim guilty of the offense, and the court assessed a life sentence. The state appellate court affirmed all three convictions on direct appeal.

> Grim was appointed new counsel in 1997, and defense counsel filed a motion for speedy trial on the remaining claims: the attempted murder of Tammy Atkins (Cause #10,148) and aggravated assault of Denise Tolbert (Cause #10,149). On May 9, 1997, a jury found Grim guilty on both counts and assessed a punishment of twenty years imprisonment and a $10,000 fine for each offense. (citations omitted)

The record reflects the state trial court ordered petitioner's sentences in Cause No. 10,148 and 10,149 to run consecutive to petitioner's life sentence in Cause No. 10,147. (Resp't MTD, Exh. A) Petitioner is currently serving his life sentence and two 20-year sentences in Cause Nos. 10,150 and 10,151 and has not yet begun serving his consecutive sentences in Cause Nos. 10,148 and 10,149.

This is petitioner's third federal habeas petition filed in this court. The first, in which he challenged his convictions for attempted murder (Cause No. 10,148) and aggravated assault with a deadly weapon (Cause No. 10,149), was deemed filed on June 14, 1999, and denied on August 28, 2000. *Grim v. Johnson*, Civil Action No. 4:99-CV-471-A. The second, challenging his convictions for injury to a child with a deadly weapon (Cause No. 10,147) and aggravated assault with a deadly weapon (Cause Nos. 10,150 and 10,151), was deemed filed on February 13, 2009, and dismissed as time-barred on June 9, 2009. *Grim v. Quarterman*,

Civil Action No. 4:09-CV-110-Y.

By way of this petition, petitioner raises two "time dispute resolution claims" and two "time credit resolution claims." (Pet. at 7-8) Under his "time dispute resolution claims," petitioner asserts TDCJ has violated his right to due process by awarding him jail time credits toward only his life sentence in Cause No. 10,147, when the trial court also awarded jail time credits in Cause Nos. 10,148 and 10,149, and by making petitioner serve his time in installments when all cause numbers have the same offense date. (Pet. at 7-8) Under his "time credit resolution claims," petitioner asserts the Texas Board of Pardons and Paroles (the Board) has violated his right to due process by failing to designate parole eligibility on each sentence and by failing to apply flat and good time credits towards all five cause numbers so as to treat his sentences as one sentence in calculating his parole eligibility date and a "determinate end to satisfy his sentences fully." (Pet. at 7)

According to petitioner, he first became aware of his claims in November 2009 upon receiving a time sheet from TDCJ showing that he was only receiving time credits on his life sentence, instead of all five sentences. (Pet'r Brief at 1) Petitioner filed a time dispute resolution form with TDCJ, pursuant to Texas

4

Government Code § 501.0081, on February 10, 2010, and TDCJ responded on October 5, 2010, that there was no error in petitioner's time calculations. (Resp't MTD, Ex. A at 2) On April 26, 2010, petitioner also filed five state habeas applications, one for each case, raising one or more of the claims presented herein, which were dismissed by the Texas Court of Criminal Appeals as successive under Texas Government Code § 11.07, § 4(a)-(c). *Ex parte Grim*, Appl. Nos. WR-41,787-08 through WR-41,787-10. This petition is deemed filed on January 28, 2011.[1] As a preliminary matter, respondent asserts the federal petition should also be dismissed as successive under 28 U.S.C. § 2244(b).

D.  SUCCESSIVE

Section 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless–

>     (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[1] *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

5

>       (B)(i)   the factual predicate for the claim could
> not have been discovered previously through the
> exercise of due diligence; and
>
>       (ii)   the facts underlying the claim, if proven
> and viewed in light of the evidence as a whole, would
> be sufficient to establish by clear and convincing
> evidence that, but for constitutional error, no
> reasonable factfinder would have found the applicant
> guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2).

A petition is successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3).

The court agrees with respondent that petitioner could have learned the factual basis of his "time dispute resolution claims" involving jail time credits by simply referring to the judgments in Cause Nos. 10,148 and 10,149, which expressly state, "said punishment shall not begin until the defendant successfully completes and receives full credit for the punishment of Life assessed in cause no. 10147 . . . ." *Ex parte Grim*, Appl. Nos. WR-41,787-06 & 07. Petitioner could have known through due

diligence on May 9, 1997, that he would not receive time credit on his sentences in Cause Nos. 10,148 and 10,149 until he completed his sentence in Cause No. 10,147. *See Crone v. Cockrell*, 324 f.3d 833, 837-38 (5th Cir. 2003). Thus, as to those claims, the petition is successive. Similarly, petitioner could have learned the factual basis of his "time credit resolution claims" involving his parole eligibility through the exercise of due diligence prior to filing his initial federal petition. Thus, as to those claims, the petition is also successive.[2]

Petitioner has not shown he has requested and obtained leave to file a successive petition raising his claims from the Fifth Circuit Court of Appeals, thus this court is without jurisdiction to consider the petition. *Id.*; *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

---

[2] Petitioner will be eligible for parole review on December 17, 2024, on Cause No. 10,147. (Resp't MTD, Ex. A at 2) Petitioner is not to understand by the disposition of this action that once reviewed for and denied parole, a federal petition raising claims relevant to the denial would be successive for purposes of § 2244(b).

dismissed without prejudice as a successive petition.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED May 6, 2011.

/s/ John McBryde
JOHN McBRYDE
United States District Judge